**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GAETANE CADET, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | No.:   1:20-CV-3159-MLB |
| | ) | |
| v. | ) | |
| | ) | |
| THE FIRST LIBERTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### THE FIRST LIBERTY INSURANCE COMPANY'S OBJECTIONS TO AND MOTION TO STRIKE THE AFFIDAVIT OF BRUCE FREDRICS [DOC. 36] AND BRIEF IN SUPPORT

Defendant The First Liberty Insurance Company ("FLIC") files its Objection to and Motion to Strike the Affidavit of Bruce Fredrics (Doc. 36) (the "Fredrics Affidavit") pursuant to Fed. R. Civ. P. 56(c)(4), LR 56.1B(3), NDGa, and Fed. R. of Evid. 103 because it is untimely, violates LR 56B(2), NDGa, contains inadmissible hearsay, speculation, unsupported and conclusory facts and allegations, and is presented as purported expert testimony without the proper foundation or qualifications for the admission of such testimony.  The Fredrics Affidavit is a belated and fatally deficient attempt to manufacture a question of fact, as the Plaintiff failed to timely respond to FLIC's Motion for Summary Judgment or to FLIC's Statement of Undisputed Material Facts.

1

## STATEMENT OF MATERIAL FACTS

On May 27, 2021, FLIC filed its Motion for Summary Judgment or in the Alternative for Partial Summary Judgment, along with its Statement of Material Facts, Memorandum of Law in Support and Exhibits A through H. (Doc. 33 et. seq.) Plaintiff failed to timely respond to the FLIC's Motion for Summary Judgment. Instead, on July 1, 2021, two weeks after her response was due, the Plaintiff belatedly filed an Emergency Motion to Allow Plaintiff and [sic] Expansion of Time from Today to Respond to Defendant's Motion for Summary Judgment up to and Through Thursday, July 22, 2021 (the "Emergency Motion"). (Doc. 34.) The Emergency Motion purported, among other things, that the electronic service copy of FLIC's Motion for Summary Judgment – which was served on both of Plaintiff's legal counsel – was "apparently corrupted," though this did not come to their attention until after the response was due. Id. On July 2, 2021 FLIC filed its Response to the Plaintiff's Emergency Motion. (Doc. 35.) Plaintiff did not file a *pro forma* brief (or any other responsive documents) by July 22, 2021 and, to date, has not filed a brief in opposition to FLIC's Motion for Summary Judgment, or any other document mandated by LR 56.1B(2), NDGa.

Instead, on August 3, 2021, Plaintiff filed a belated "Notice of Filing the Affidavit of Bruce Fredrics, Plaintiff's Expert". (Doc. 36.) The Fredrics Affidavit

consists of numbered paragraphs which purport to respond to certain paragraphs from FLIC's Statement of Material Facts filed in support of its motion for summary judgment. Id. The Fredrics Affidavit is untimely, fails to refute FLIC's statements of fact with concise responses supported by specific citations to evidence, contains no exhibits or supporting documents, other than a Curriculum Vitae, and otherwise fails to comply with LR 56.1B(2)(a)(1) and (2), NDGa. For these reasons, it should be stricken from the record.

    The Fredrics Affidavit should also be stricken because the Plaintiff failed to timely (or properly) disclose his opinions or the bases for them prior to the close of the discovery period. First, the Plaintiff failed to identify Mr. Frederics in her Initial Disclosures as is required by Fed. R. Civ. P. 26(a)(2)(A) and failed to provide an expert report as required by Fed. R. Civ. P. 26(a)(2)(B). She then failed to supplement her disclosures as Fed. R. Civ. P. 26(e) requires. Instead, the Plaintiff identified Mr. Fredrics as a purported expert in Plaintiff's Responses to FLIC's First Interrogatories, stating only that Fredrics is an "insurance and damage expert used by Plaintiff in this case and his expertise will be on the insurance industry standards, [and] the value of the damages for Plaintiff's real and personal property in this case." (See excerpted portion of Plaintiff's Responses to FLIC's

First Continuing Interrogatories, attached as Exhibit A). FLIC's motion for summary judgment does not require the court to consider either topic.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Defendant's Objection is the Proper Procedure.

FLIC objects or, alternatively, moves to strike the Fredrics Affidavit pursuant to Fed. R. Evid. 103(a)(1)(A). "Several district courts in the Eleventh Circuit have held that a motion to strike is not the proper method for challenging the admissibility of evidence in an affidavit." Corey Airport Servs., Inc. v. City of Atlanta, 632 F. Supp. 2d 1246, 1267 (N.D.Ga. 2008), rev'd in part sub nom. Corey Airport Servs., Inc. v. Decosta, 587 F.3d 1280 (11th Cir. 2009) (citations omitted). "[T]he preferred method for challenging a defective affidavit is to file a notice of objection to the challenged portion of the affidavit." Putnal v. Guardian Life Ins. Co. of Am., No. 5:04–cv–130, 2006 WL 2850424, at *3 (M.D.Ga. Sept. 29, 2006) (citations omitted).

### II. The Court Should Disregard the Fredrics Affidavit Because Plaintiff Failed to Comply with LR 56.1 NDGa.

Federal District Courts have express authority to create local rules in order to most effectively "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989). The Eleventh Circuit Court of Appeals has specifically addressed

4

the purpose and gravity of the Northern District of Georgia's Local Rule 56.1 and the serious consequences of a respondent's failure to heed it:

> The "deeming order" authorized by Local Rule 56.1 is considered to be
>
>> both a sanction for the parties and a balm for the district court: the parties are given an incentive to conform to the rule (provided they wish to have their version of the facts considered), and the district court is in any case relieved of the obligation to ferret through the record.
>
> CMI Capital Mkt. Inv., LLC v. Gonzalez–Toro, 520 F.3d 58, 63 n. 2, 2008 U.S.App. LEXIS 5682, at *6 n. 2 (1st Cir.2008). In upholding the exercise of courts' discretion to apply deeming orders, our sister circuits have repeatedly stressed the vital function of rules such as Local Rule 56.1, reinforcing stern admonitions with rather colorful imagery. See, e.g., Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir.2007) ("Given the vital purpose that such rules serve, litigants ignore them at their peril."); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir.2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (internal quotation marks omitted). We hold the rule in similarly high esteem.

Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008). The Eleventh Circuit opinion also points out the crucial fact that the respondent's **only permissible way** to try to establish a question of fact is to respond to the statement of material facts in compliance with the rule, with all other evidence to be disregarded.

5

> The proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement. That is, because the non-moving party has failed to comply with Local Rule 56.1—the only permissible way for it to establish a genuine issue of material fact at that stage—the court has before it the functional analog of an unopposed motion for summary judgment.

Reese at 1268.

Because the Plaintiff failed to file a timely response to FLIC's Motion for Summary Judgment or a timely or otherwise proper response to FLIC's Statement of Material Facts, the result under the authority discussed above is that FLIC's material facts stand as uncontested. The Fredrics Affidavit does not change that result. It is comprised almost exclusively of conclusory statements, conjecture, legal conclusions from a non-lawyer and *ad hominem* attacks. However, this cannot overcome Plaintiff's failure to comply with Local Rule 56.1, and the Court should, therefore, disregard the Fredrics Affidavit.

**III. Because Bruce Fredrics' Affidavit Contains Hearsay and Unsupported Conclusory Testimony, it is Incompetent Evidence.**

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

6

Fed. R. Civ. P. 56(c)(4).

"The Eleventh Circuit consistently has held that a party's conclusory allegations, without more, are insufficient to enable the non-moving party to withstand summary judgment." Wallace v. Cousins, 1:14-CV-3343-MHC, 2017 WL 10636886, at *4 (N.D. Ga. Dec. 28, 2017), aff'd sub nom. Wallace v. Cousins, 783 Fed. Appx. 910 (11th Cir. 2019). "This court has consistently held that conclusory allegations without specific supporting facts have no probative value." Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). "It is well settled that self-serving, conclusory affidavits submitted by a nonmoving party in opposition to a motion for summary judgment will not create an issue of fact for trial." Flores v. Ultimate Appearance Law Serv., LLC, 1:14-CV-485-RWS, 2016 WL 7437124, at *2 (N.D. Ga. Sept. 15, 2016). In Flores, this Court held that a self-serving affidavit making a conclusory statement without corroborating evidence about the dollar amount of a business's annual revenue did not create an issue of fact. Id.

The Fredrics Affidavit is comprised almost exclusively of hearsay and/or inadmissible conclusory statements. In fact, other than references to an estimate Mr. Fredrics says he made, which is not reflected anywhere in the Record, the

Fredrics Affidavit is entirely without corroborating evidence. Paragraphs[1] 2, 3, 5, 16, 17, 19, 21, 24, 33, 34, 35, and 36 are either fully or partially conclusory statements, as they assert purported facts which are unsupported by any evidence, save Mr. Fredrics's repeated assertions of his purported personal expertise, which is nothing more than *ipse dixit*.

The Fredrics Affidavit also contains numerous instances of hearsay or outright speculation, such as his contention in paragraph 15, where, in response to the undisputed fact that FLIC's adjuster took photos of Plaintiff's damage, he admitted he had no basis to form an opinion on anything related to the fact at issue: "I don't expect that the [FLIC] Claims Representative is an Adjuster, and I never saw his photos to see if they are complete." (Doc. 36 at 5.)

Pursuant to the Federal Rules of Civil Procedure cited above, the Federal Rules of Evidence which address expert testimony, and related case law, the conclusory statements in the Fredrics Affidavit do not create a question of fact and should be excluded.

---

[1] The Fredrics Affidavit does not address every numbered paragraph of Plaintiff's Statement of Material Facts, but does reference each numbered paragraph to which he is "responding." For the purposes of this argument each of Fredrics's statements will be referenced by the number of the paragraph to which he is "responding."

**IV. Bruce Fredrics's Purported Expert Testimony is Not Helpful and Not the Product of Reliably Applied Principles and Methods.**

Federal Rule of Evidence 702 defines the requirements for qualification of an expert witness:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Expert testimony can only be admitted if its proponent establishes that:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Allison v. McGhan Med. Corp., 184 F.3d 1300, 1309 (11th Cir. 1999).

The belated Fredrics' Affidavit is akin to the affidavit presented in

Hollingsworth v. LM Ins. Corp., 5:17-CV-00494-TES, 2019 WL 1103414 (M.D. Ga. Mar. 8, 2019), aff'd sub nom. Hollingsworth v. Liberty Mut. Ins. Co., 808 Fed. Appx. 942, 2020 WL 1696867 (11th Cir. 2020). There, a lawyer who was also a carpenter attempted to supply an affidavit for the cost to repair a home after a fire. Id. The Court in Hollingsworth found that

> …if Plaintiff is attempting to lay some sort of "expert foundation," the record is devoid of any report she might use to support any expert testimony she might possess. See Fed. R. Civ. P. 26(a)(2).
>
> Not as a discredit to her education itself, but to the lack of Plaintiff's foundation and methodology, LM rightfully challenges these qualifications as insufficient.

Id. at *6, n. 13.

Mr. Fredrics's belated affidavit suffers from many of the same infirmities. Mr. Fredrics was not identified as an expert in Plaintiff's Initial Disclosures, he has not provided a report, and while he was cursorily identified as a purported expert in Plaintiff's Responses to FLIC's First Interrogatories, Plaintiff failed to provide the summary of the facts and opinions to which the witness is expected testify, or the bases for them, stating only that Fredrics is an "insurance and damage expert used by Plaintiff in this case and his expertise will be on the insurance industry standards, [and] the value of the damages for Plaintiff's real and personal property in this case." (Ex. A). The Plaintiff failed to provide any other disclosures, failed

to provide a report and failed to provide any other support for any of the opinions offered in the Fredrics Affidavit. Those failures, standing alone, warrant the striking of his affidavit, as the Federal Rules of Civil Procedure and the corresponding local rules of this Court specifically require experts to provide, among other requirements, a report detailing their opinions including the underlying facts and data. Fed. R. Civ. P. 26(a)(2)(B).

Moreover, Mr. Fredrics' qualifications have not been established to enable him to opine on many of the topics he includes in his Affidavit. While he does include a Curriculum Vitae, it does not contain any mention of legal training which would form the basis for rendering legal opinions. The Northern District of Georgia has excluded Mr. Fredrics' testimony on at least one other occasion where it found that he is unqualified to opine as to an insurer's duties or coverage under a policy; found that he is unqualified to opine as to whether or not an insurer violated the Georgia Unfair Claims Settlement Practices Act (O.C.G.A. §§ 33-6-30, et seq.); found that he may not testify as to "sweeping conclusions" or as to the governing law regarding purported bad faith cases, and is limited to narrow testimony regarding business customs and practices. Armstead v. Allstate Prop. & Cas. Ins. Co., 1:14-CV-586-WSD, 2016 WL 4123838, at *3–9 (N.D. Ga. July 1, 2016). In that case, this Court found that "[t]he opinions Plaintiff seeks to offer

11

from Mr. Fredrics [] in many cases are sweeping conclusions…" Id. at *8.

The same holds true here. In the instant matter, the Fredrics Affidavit contains repeated instances where Fredrics purports to testify as to matters for which he is unqualified. In Paragraph 38, he opines, "To my knowledge, the policyholder is not a Lawyer, so she would not be qualified to RICO, 'criminal act[s]', or 'breach of contract'." (Doc. 36 at 13.) But then, in paragraph 39 he concedes, "I am not a Lawyer…" which completely moots both the helpfulness of the testimony he submitted as to legal issues both before and after that admission. Id. Paragraphs 8, 16, 17, 19, 21, 24, 25, 26, 32, 34, 35, and 39 either contain or are legal conclusions and opinions which he is wholly unqualified to make. These legal opinions and conclusions should be discarded by the Court.

Numerous paragraphs in the Fredrics Affidavit are unhelpful, as they are either irrelevant to the issues raised in FLIC's Motion for Summary Judgment and in its related Statement of Material Facts or consist of Mr. Fredrics' sweeping opinions that are tangential to the particular fact stated by FLIC, including paragraphs 2, 3, 4, 8, 15, 25, 26, 32, 34, 35, 38, 39, and 40. These irrelevant and unhelpful statements should also be discarded by the Court.

## **CONCLUSION**

The Fredrics Affidavit should be disregarded by the Court, because the *only*

*permissible way* for the Plaintiff to establish a genuine issue of material fact at this stage of litigation is to comply with Local Rule 56.1 and respond to FLIC's Statement of Material Facts. Reese, supra at 1268. She has failed in all respects to do so. The Fredrics Affidavit is nothing more than an untimely and defective attempt to overcome Plaintiff's fatal failure to respond to FLIC's Motion for Summary Judgment. The Fredrics Affidavit is also replete with inadmissible hearsay and unsupported conclusory testimony and allegations. It also does not meet the standards imposed by Fed. R. Civ. P. 56 for admissibility of affidavit testimony due to the complete and fatal lack of supporting evidence.

Plaintiff also failed to satisfy her burden to establish that Mr. Fredrics is qualified to give expert testimony as to legal conclusions, policy interpretations, or any matters outside the narrow bounds of the estimate he wrote, but did not attach. The cost of repair is not at issue in, and is not material to, the resolution of FLIC's motion for summary judgment. Likewise, Mr. Fredrics has not produced a report to explain the bases for his claims or any proof that his conclusions are based on any reliable evidence or methodology.

Accordingly, FLIC respectfully requests that this Court disregard the Affidavit of Bruce Fredrics and strike it from the record.

This 17th day of August 2021.

ISENBERG & HEWITT, P.C.

*/s/* Hilary W. Hunter
Brent J. Kaplan
Georgia Bar No. 406825
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400-Telephone
**Attorneys for Defendant**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

                                      ISENBERG & HEWITT, PC

                                      <u>/s/ Hilary W. Hunter</u>
                                      Brent J. Kaplan
                                      Georgia Bar No. 406825
                                      Hilary W. Hunter
                                      Georgia Bar No.  742696
                                      600 Embassy Row, Suite 150
                                      Atlanta, GA  30328
                                      (770) 351-4400 (Telephone)
                                      **Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GAETANE CADET, ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | No.:   1:20-CV-3159-MLB |
| ) | |
| v. ) | |
| ) | |
| THE FIRST LIBERTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **THE FIRST LIBERTY INSURANCE COMPANY'S OBJECTIONS TO AND MOTION TO STRIKE THE AFFIDAVIT OF BRUCE FREDRICS [DOC. 36] AND BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to:

Alexander Gray Hait
North Metro Litigators
185 Stockwood Drive, Suite 100
Woodstock, GA 30188
all@northmetrolitigators.com

Ralph J. Villani
Villani Law Firm
821 Dawsonville Highway, Suite 250-333
Gainesville, GA 30501-2634
ralphjvillani@gmail.com

16

This 17th day of August, 2021.

        ISENBERG & HEWITT, P.C.

        <u>/s/ Hilary W. Hunter</u>
        Hilary W. Hunter
        Georgia Bar No. 742696
        Brent J. Kaplan
        Georgia Bar No. 406825
        600 Embassy Row, Suite 150
        Atlanta, GA 30328
        (770) 351-4400-Telephone
        **Attorneys for Defendant The First Liberty Insurance Company**