IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GAETANE CADET, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | No.:   1:20-CV-3159-MLB |
| | ) | |
| v. | ) | |
| | ) | |
| THE FIRST LIBERTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**THE FIRST LIBERTY INSURANCE COMPANY'S OBJECTIONS TO AND MOTION TO STRIKE THE SECOND AFFIDAVIT OF BRUCE FREDRICS [DOC. 42-5] AND BRIEF IN SUPPORT**

The First Liberty Insurance Company ("FLIC") files its Objection to and Motion to Strike the Second Affidavit of Bruce Fredrics (Doc. 42-5) (the "Second Fredrics Affidavit") pursuant to Fed. R. Civ. P. 56(c)(4), LR 56.1B(3), NDGa. and Fed. R. of Evid. 103, 702 and 703 because the six opinions contained in the Second Fredrics Affidavit (Doc 42-5 at pp. 8-10 of 55) have nothing to do with the issues before the Court on Defendant's Motion for Summary Judgment and/or Partial Summary Judgment. Rather, they are Mr. Fredrics inadmissible legal "opinions" on the applicability of appraisal, and they ignore the fact that the Plaintiff did not assert a claim for breach of contract based on a disagreement as to the propriety of appraisal as a method for resolving the Plaintiff's claim. These six "opinions" will

1

be unhelpful, will confuse the jury and necessarily address matters of law, which is the exclusive province of the Court. Pursuant to Fed. R. Civ. P. 703 the second Fredrics affidavit should be disregarded by the Court and stricken from the record.

## STATEMENT OF MATERIAL FACTS

On May 27, 2021, FLIC filed its Motion for Summary Judgment or in the Alternative for Partial Summary Judgment, along with its Statement of Material Facts, Memorandum of Law in Support and Exhibits A through H. (Doc. 33 et. seq.) On October 27, 2021, Plaintiff filed her Response in Opposition to Plaintiff's Motion for Summary Judgment and/or Its Motion for Partial Summary Judgment. (Doc. 42.) Attached as Doc. 42-5 to that Motion is the "2nd Affidavit of Bruce Fredrics". (Doc. 42-5.)

A cursory examination of Plaintiff's Complaint and the causes of action alleged therein establishes that the "opinions" expressed in the Second Fredrics Affidavit are not admissible because they constitute nothing more than legal conclusions which Mr. Fredrics, who is not a lawyer, is not qualified to provide. Nor are they related to the pending motion for summary judgment.

Ms. Cadet alleges five causes of action: (1) Bad Faith; (2) Attorney Fees and Costs of Litigation (O.C.G.A. § 13-6-11); (3) Punitive Damages (O.C.G.A. § 51-12.5.1); (4) GA RICO (O.C.G.A. § 16-14-1 et. seq.); and (5) Diminution of Value.

(Doc. 1-1.) While Plaintiff alleges in her factual section of the Complaint the disagreement over the applicability of the appraisal process; she abandons any claims regarding appraisal because she does not assert a claim for breach of contract. (Doc. 1-1.) Plaintiff's cause of action for bad faith arises out of Plaintiff's failure to pay the amounts demanded in letter sent pursuant to O.C.G.A. § 33-4-6. (Doc. 1-1, Count I, Bad Faith, ¶¶ 1-10.) Plaintiff's remaining causes of action do not mention appraisal. (Doc. 1-1, Count V, Diminution in Value, ¶¶ 1-3.)

## ARGUMENT AND CITATION TO AUTHORITY

### I.   Defendant's Objection is the Proper Procedure.

FLIC objects or, alternatively, moves to strike the Second Fredrics Affidavit pursuant to Fed. R. Evid. 103(a)(1)(A). "Several district courts in the Eleventh Circuit have held that a motion to strike is not the proper method for challenging the admissibility of evidence in an affidavit." Corey Airport Servs., Inc. v. City of Atlanta, 632 F. Supp. 2d 1246, 1267 (N.D.Ga. 2008), rev'd in part sub nom. Corey Airport Servs., Inc. v. Decosta, 587 F.3d 1280 (11th Cir. 2009) (citations omitted). "[T]he preferred method for challenging a defective affidavit is to file a notice of objection to the challenged portion of the affidavit." Putnal v. Guardian Life Ins. Co. of Am., No. 5:04–cv–130, 2006 WL 2850424, at *3 (M.D.Ga. Sept. 29, 2006)

(citations omitted).

## II. Bruce Fredrics' Second Affidavit is Not Helpful and Not the Product of Reliably Applied Principles and Methods and Should Not be Allowed.

Federal Rule of Evidence 702 defines the requirements for qualification of an expert witness:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "An expert may base an opinion on facts or data **in the case** that the expert has been made aware of or personally observed." Fed. R. Evid. 703. (emphasis added.)   Expert testimony can only be admitted if its proponent establishes that:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

4

Allison v. McGhan Med. Corp., 184 F.3d 1300, 1309 (11th Cir. 1999).

For a court to consider an expert opinion at summary judgment, the expert opinions must be relevant to the actual issues in the case. In Baker v. Baker, 257 Ga. 187, 356 S.E.2d 873 (1987), "the only issues to be decided on the motion for summary judgment were: 1) whether the parties mutually agreed upon the selected appraiser, and 2) whether the selected appraiser rendered an opinion of the value to the subjected properties." Id. at 188, 356 S.E.2d at 875. In Baker, the Supreme Court of Georgia affirmed the trial court's decision to grant summary judgment, holding that "[a]lthough appellant's expert affidavit created an issue of fact, such issue was not material because the **accuracy** of the appraisal was not relevant considerations under the agreement." Id. (emphasis added.) Similarly to Baker, the Court of Appeals of Georgia in Candler General Hospital, Inc. v. McNorrill, 182 Ga. App. 107, 109, 354 S.E.2d 872, 875 (1987) affirmed the trial court's ruling on summary judgment that did not consider an affidavit of a nurse that opined on an issue that was unrelated to the issues in the case at summary judgment.

The United States District Court for the Middle District of Georgia made a similar ruling in Doe v. Bibb County School District, 83 F.Supp.3d 1300, 1305 (2015):

> The Defendant also objects to the Stokes and Collins affidavits discussing the effectiveness of different school

5

> policies because (1) their affidavits only go to the reasonableness of the Defendant's policies prior to the January 19 incident and thus are only relevant to the deliberate indifference element, and (2) they are expert opinions by individuals who were not previously identified as experts. Unlike evidence of how the Defendant responded to the 2002 and 2008 incidents, which could be relevant to the Defendant's actual knowledge, outside opinions about the reasonableness of school policies and evidence about the policies generally implemented at Georgia schools are **not relevant to the issues on summary judgment.** Thus, the Court **will not consider the affidavits in deciding the motion**, regardless of whether they are properly characterized as expert opinions.

(emphasis added.)

Setting aside the fact that the plaintiff never provided a report detailing Mr. Fredrics' opinions, all of the new opinions contained in the Second Fredrics Affidavit are unhelpful, as they are irrelevant to the issues raised in FLIC's Motion for Summary Judgment.

Mr. Fredrics' first opinion is contained in the 9th paragraph of his Second Affidavit and states:

> 9) The enclosed emails record the conversations between me, as Expert and POA for the policyholders, and the Carrier. They are self-explanatory.

(Doc. 42-5, p. 8 of 55.) An enclosure of emails in and of themselves do not have anything to do with the five Counts raised in Plaintiff's Complaint. Recently, the

6

Northern District in <u>Giusto v. Int'l Paper Co.</u>, No. 1:19-CV-00646-SDG, 2021 WL 3603374, at *4 (N.D. Ga. Aug. 13, 2021) noted:

> The Court agrees that several of Ferrell's opinions are recharacterizations of evidence or inferences derived from facts in the record. For example, Ferrell opines that "[o]n and before March 12, 2018, International Paper conducted processes and operations at the Flint River Mill that at times overwhelmed the capacity of the u-drains in the utilities area." Later, Ferrell states that "[p]rior to March 12, 2018, International Paper and Evoqua were aware that the u-drains in the area of the fall were prone to overflowing but nonetheless placed a 2-inch diameter hose across the u-drains in the area in which pedestrians were known to walk." These subjective portrayals of factual information would not assist the jury. They concern matters within the understanding of an average citizen. Moreover, the jury members can draw their own conclusions from the facts and inferences in the record. See <u>Abramson v. Walt Disney World Co.</u>, 370 F. Supp. 2d 1221, 1225 (M.D. Fla. 2005) ("This circuit follows the generally accepted rule that expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves.") (collecting cases).

Like in <u>Giusto</u>, Mr. Fredrics' expert opinions are not needed for they will not assist the trier of fact because they are not relevant to the claims at issue. Therefore, Paragraph 9 (Opinion No. 1) should be excluded.

Mr. Fredrics' second opinion is contained in the 10th paragraph of his Second Affidavit and states:

> 10) There was only a single phone call between us, the contents of pertinent points are summarized in the email communications.

(Doc. 42-5, p. 8 of 55.) A telephone call summary in this case, again, in the context of expert testimony is not helpful to the jury. See <u>Giusto</u>, 2021 WL 3603374, at *4. The summary that paragraph 10 of the Second Affidavit references is concerning an appraisal. The Plaintiff did not allege a breach of contract claim or that the Policy was breached because of an appraisal clause in the Policy. Therefore, Paragraph 10, (Opinion No. 2) will not assist the trier of fact in this case and should be excluded.

Mr. Fredrics' third opinion is contained in the 11th paragraph of his Second Affidavit and states:

> 11) I am a Subject Matter Expert on Appraisal, and I can advise that:
>
> a. Appraisal generally has not addressed Coverage issues in isolation, but the elements of Appraisals in totality cannot entirely escape some part of Coverage considerations in reality, which is in fact practiced, frequently.
>
> b. Regardless of Coverage, policyholders have a contract entitlement to have the Values of their loss and damages appraised for their Indemnity Worth. Values mean, 1. Replacement Cost Value (RCV), 2. Depreciation Value (Betterment), 3. Actual Cash Value (ACV, or market value).

8

> c. Appraisal practice, protocols, and Industry Standards of Practice and Care have long held and include that "Amount of Loss" means:
>
>> i. Causation (the Origin & Cause of the loss and damage).
>>
>> ii. The Scope of Damages (what is damaged from the occurrence).
>>
>> iii. The Scope of Repair and Restoration (the steps and methods to fix the damages - irrespective of Coverage/Liability).
>>
>> iv. The cost of Labor and Materials generally identified by price (but, "price" doesn't always represent the true worth of an element or feature, e.g., labor or materials).

Mr. Fredrics' fourth opinion is contained in the 12th paragraph of his Second Affidavit and states:

> 12)  As a Certified Appraisal Practitioner, I can advise that Attorneys have taught Adjusters in Continuing Education classes for their licensure that ***755 S.E.2d 544 (Ga. App. 2014), AJ3Al733, Lam v. Allstate Indemnity Co.,*** has been the change in law since 2014, and has continued until recently. Its affect was to reverse generations of Appraisal practice regarding Causation (per# i., above), converting Causation dispute into a Coverage issue, which Carriers then argued would disqualify the entire Appraisal. (Nobody other than the Court and Allstate ever agreed with them).

Mr. Fredrics' fifth opinion is contained in the 16th paragraph of his Second Affidavit and states:

> 16) The National Association of Public Adjusters (NAPIA) has recently provided a Federal Case: *BonBeck Parker, et al. v. Travelers Indemnity, No. 20-1192 (10th Cir. 2021),* which provides that Causation can in fact be adjudicated by an Appraisal committee-team Tribunal (which effectively returns the Scope of Appraisal back to its original form, just as Appraisal was always intended. The historical purpose and traditional practice of Appraisal has always been to determine only the Amount of Loss (Value), but not necessarily Coverage. See **Supreme Court of Georgia. McGOWAN et al v. PROGRESSIVE PREFERRED INSURANCE COMPANY et al. No. S05G2086. Decided: October 30, 2006.** However, while I am not a lawyer, in the BonBeck case, my own take is that the court includes the logic for the Appraisal Panel to determine Coverage, because the Cause of Loss (Causation) absolutely integrates any rule-in or rule-out elements of Coverages, Exclusions, Exceptions, Limitations, or Restrictions of the parties' concern during a disagreement overan accurate Indemnity Value.1

Mr. Fredrics' sixth opinion is contained in the 17th paragraph of his Second Affidavit and states:

> 17) You cannot determine Values without knowing what damages were CAUSED by the occurrence versus those that were not caused by the same occurrence, and then factoring in the other elements #ii - iv. Without knowing which damages were caused by the particular occurrence for which the claim was made, then any unrelated damages must be included in the Scope of Damages to be appraised, because they cannot otherwise be ruled-out. Therefore, damages examined by professionals that might be caused by occurrences not claimed in a particular filing, and therefore would be excluded from the current claim filing and evaluation, would be

>     included into the current occurrence and then wrongfully
>     paid as related damage.

(Doc. 42-5, p. 8 of 55.)  Again, Paragraph 11 (Opinion No. 3), Paragraph 12 (Opinion No. 4), Paragraph 16 (Opinion No. 5) and Paragraph 17 (Opinion No. 6) all relate to an appraisal and an appraisal process. The Plaintiff did not allege a breach of contract claim or that the Policy was breached because of an appraisal clause in the Policy.  Therefore, Paragraph 11 (Opinion No. 3), Paragraph 12 (Opinion No. 4), Paragraph 16 (Opinion No. 5) and Paragraph 17 (Opinion No. 6) will not assist the trier of fact in this case and should be excluded.

In addition, these "opinions" address legal matters which are the exclusive province of the court and are not an appropriate subject for purported expert testimony. Georgia Courts have long rejected expert testimony that amounts to legal conclusions. See e.g. DaimlerChrysler Motors Co., LLC v. Clemente, 294 Ga. App. 38, 58, 668 S.E.2d 737, 754 (2008) (citing Rayburn v. Ga. Power Co., 284 Ga. App. 131, 139, 643 S.E.2d 385, 391-392 (2007)) ("These opinions by [appellee]'s expert were nothing more than legal conclusions that 'cannot be considered as evidence on motion for summary judgment' and thus were properly excluded.); Allen v. Columbus Bank & Trust Co., 244 Ga. App. 271, 277–278, 534 S.E.2d 917, 924 (2000) (opinion that letter "may be fraudulent" was an inadmissible legal conclusion). "A party may not bolster [her] case as to the

11

ultimate issue with expert testimony when the jury could reach the same conclusion independently of the opinion of others." Baxter v. Melton, 218 Ga. App. 731, 732, 463 S.E.2d 53, 55 (1995) (Citation and punctuation omitted). In addition, "[c]onstruction and interpretation of a contract are matters of law for the court. [I]n Georgia, insurance is a matter of contract…" Geiger v. Georgia Farm Bureau Mut. Ins. Co., 305 Ga. App. 399, 400, 699 S.E.2d 571, 573 (2010) (citation omitted).

In an analogous circumstance, the Eastern District of Louisiana excluded a purported insurance expert's improper legal conclusion testimony as to the application of Louisiana state law to an insurance contract, the alleged ambiguity of an endorsement to an insurance policy, and whether or not an insurer's conduct amounted to bad faith. Versai Mgmt. Corp. v. Landmark Am. Ins. Corp., CIV.A. 11-2139, 2013 WL 681902, at *2–3 (E.D. La. Feb. 22, 2013); see also Collins v. Benton, CV 18-7465, 2020 WL 4504401, at *1 (E.D. La. Aug. 5, 2020) (holding *inter alia* that "Fey is precluded from providing legal conclusions. It is the Court's role to instruct the jury on the law, and the jury will apply that law as instructed to the facts proved at trial." The purported expert was also precluded from stating the word "fraud" for any reason.) The same rationale applies here with regard to Mr. Fredrics views on the scope and applicability of an appraisal.

## CONCLUSION

The Second Fredrics Affidavit is wholly irrelevant to Plaintiff's causes of action raised in her Complaint as well as the issues before the Court on Defendant's Motion for Summary Judgment. They also constitute inadmissible legal conclusions. Therefore, FLIC respectfully requests that this Court sustain its objection, disregard the Second Affidavit of Bruce Fredrics and strike it from the record.

This 10th day of November 2021.

                ISENBERG & HEWITT, P.C.

                */s/* Hilary W. Hunter
                Brent J. Kaplan
                Georgia Bar No. 406825
                Hilary W. Hunter
                Georgia Bar No. 742696
                Mary T. Minter
                Georgia Bar No. 892497
                600 Embassy Row, Suite 150
                Atlanta, GA 30328
                (770) 351-4400-Telephone
                **Attorneys for Defendant**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

                                       ISENBERG & HEWITT, PC

                                       /s/ Hilary W. Hunter
                                       Brent J. Kaplan
                                       Georgia Bar No. 406825
                                       Hilary W. Hunter
                                       Georgia Bar No. 742696
                                       Mary T. Minter
                                       Georgia Bar No. 892497
                                       600 Embassy Row, Suite 150
                                       Atlanta, GA  30328
                                       (770) 351-4400-Telephone
                                       **Attorneys for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GAETANE CADET, ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | No.:   1:20-CV-3159-MLB |
| ) | |
| v. ) | |
| ) | |
| THE FIRST LIBERTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed **THE FIRST LIBERTY INSURANCE COMPANY'S OBJECTIONS TO AND MOTION TO STRIKE THE SECOND AFFIDAVIT OF BRUCE FREDRICS [DOC. 42-5] AND BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to:

Alexander Gray Hait
North Metro Litigators
185 Stockwood Drive, Suite 100
Woodstock, GA 30188
all@northmetrolitigators.com

Ralph J. Villani
Villani Law Firm
821 Dawsonville Highway, Suite 250-333
Gainesville, GA 30501-2634
ralphjvillani@gmail.com

This 10th day of November, 2021.

        ISENBERG & HEWITT, P.C.

        <u>/s/ Hilary W. Hunter</u>
        Brent J. Kaplan
        Georgia Bar No. 406825
        Hilary W. Hunter
        Georgia Bar No. 742696
        Mary T. Minter
        Georgia Bar No. 892497
        600 Embassy Row, Suite 150
        Atlanta, GA  30328
        (770) 351-4400-Telephone
        **Attorneys for Defendant**